# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. NEWSON,
        Plaintiff,

    v.                        Case No. 06-C-913

MATTHEW J. FRANK, WILLIAM POLLARD,
P. ERICKSEN, JODENE PERTTU,
CAPTAIN ROGERS, LT. LAMBRECHT,
LT. SWIEKATOWSKI, SGT. REIMER,
OFFICER TILOT and LT. LESATZ,
        Defendants.

## ORDER

Before the court is plaintiff's May 7, 2007, "Notice of Motion and Motion to effectuate formal service in forma pauperis and then authorize the defendants to pay the full cost of such service, or appoint a designated prison official to effectuate service." Plaintiff states that, although he has been successful in obtaining waivers of service from eight of the ten defendants in this case, defendants Captain Rogers and Lt. Lambrecht rejected waiver of service through the United States Postal Service twice. According to plaintiff, he has diligently attempted to serve defendants Rogers and Lambrecht but they are blatantly evading service.

The defendants respond in total: "The plaintiff by his own admission is able to effectuate service by the means of a waiver under Fed. R. Civ. P. 4(d), where he properly sends the waiver materials to the workplace of the named defendants. (Motion, ¶¶ 3, 6). There is no basis for the plaintiff's allegations that named defendants Rogers and Lambrecht are 'blatantly evading service' (Motion, ¶ 8)." (Defs.' Resp. at 1.)

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. A defendant so notified "has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(2). The plaintiff "shall allow a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent." Fed. R. Civ. P. 4(d)(2)(F). If the defendant refuses to comply with the waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2)(G); United States v. First Midwest Bank, No. 94C7365, 1995 WL 447762 *1, *3 (N.D. Ill 1995).

It is unclear why defendants Rogers and Lambrecht have not waived service. Plaintiff maintains that he has diligently attempted to serve them and that they are evading service. Defendants, on the other hand, state that they are not evading service, but do not state whether they have received plaintiff's waiver of service materials or explain how they responded to such materials.

Defendants will be given a period of thirty days from the date of this order to indicate in writing whether they will require formal service of the summons and complaint as to defendants Rogers and Lambrecht, and if so, what good cause they assert for failing to waive formal service. See Fed. R. Civ. P. 4(d)(2) ("If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.") As is evident from their filings in this case, defendants have had notice of the complaint for some time. In these

2

Case 2:06-cv-00913-LA   Filed 06/18/07   Page 2 of 3   Document 30

circumstances, the court believes that it is no less than fair to require the defendants to state whether they will waive formal service, and if not, why not. If defendants Rogers and Lambrecht do not waive service, the court will issue a summons as to those defendants.

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to effectuate service (Docket #21) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants will be given a period of thirty (30) days from the date of this order to indicate in writing whether they will require formal service of the summons and complaint as to defendants Rogers and Lambrecht, and if so, what good cause they assert for failing to waive formal service. If defendants Rogers and Lambrecht do not waive service, the court will issue a summons as to those defendants.

Dated at Milwaukee, Wisconsin, this 18 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge