UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES A. NEWSON,
        Plaintiff,

v.                                                        Case No. 06-C-913

MATTHEW J. FRANK, WILLIAM POLLARD,
P. ERICKSEN, JODENE PERTTU,
CAPTAIN ROGERS, LT. LAMBRECHT,
LT. SWIEKATOWSKI, SGT. REIMER,
OFFICER TILOT, and LT. LESATZ,
        Defendants.

## ORDER AND SCHEDULING ORDER

Plaintiff James A. Newson, who is currently incarcerated at the Wisconsin Secure Program Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and paid the $350.00 filing fee. Plaintiff is proceeding on First Amendment, Eighth Amendment, and retaliation claims, as well as claims under Article I of the Wisconsin Constitution. Plaintiff has filed a motion to compel discovery. In this order, I will address plaintiff's motion to compel and, to expedite resolution of the case, set a schedule for discovery and dispositive motions.

Plaintiff asks me to compel defendants "to produce the eleven proposed inmate statements . . . and the nine letters used by the defendants as evidence in Conduct Report No. 1647476." (Mot. to Compel at 1.) According to plaintiff, on May 7, 2007, he requested the materials in the form of an admissions request and an interrogatory request submitted to counsel for defendants. Defendants contend that I should deny plaintiff's motion to compel.

Plaintiff's request for admission and defendants' response are as follows:

> **REQUEST NO. 3:** Defendants, please admit that defendant Perttu intercepted, confiscated and issued a memorandum admitting the interception and confiscation of plaintiff's eleven (11) inmate sworn statements sent to GBCI's library for duplication on or about October 26, 2005.
>
> **RESPONSE:** Per defendant Perttu, deny issuance of a memorandum, admit letters he sent to the library for copying consisting of information he was going to send to other inmates containing allegations of staff assault were confiscated and given to the investigating security supervisor who was conducting the investigation, Lt. Lesatz.

(Defs.' Resp. at 2.) Defendants assert that although defendant Perttu admitted that letters which plaintiff sent to the library for copying were confiscated and sent to Lt. Lesatz, he did not admit to confiscating eleven "sworn statements." Id. In any event, even if there were sworn statements to send to plaintiff, there is no request for production of documents here.

Plaintiff's interrogatory request and defendants' response are as follows:

> **INTERROGATORY NO. 8:** Defendants, please identify and describe all eight (8) letters from Plaintiff to inmates and one (1) to Matthew Frank use a physical evidence in GBCI conduct report #1647476 [sic].
>
> **RESPONSE:** These letters are described in Conduct Report No. 1647476 that was issued to plaintiff. Upon application to the institution custodian, the plaintiff may obtain access to his social services file.

Id. at 2-3. Apparently, plaintiff requested access to his social services file and the letters were not there. Defendants assert that they will attempt to obtain copies of the letters as quickly as practicable so that plaintiff may examine them.

Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]"

2

> **REQUEST NO. 3:** Defendants, please admit that defendant Perttu intercepted, confiscated and issued a memorandum admitting the interception and confiscation of plaintiff's eleven (11) inmate sworn statements sent to GBCI's library for duplication on or about October 26, 2005.
>
> **RESPONSE:** Per defendant Perttu, deny issuance of a memorandum, admit letters he sent to the library for copying consisting of information he was going to send to other inmates containing allegations of staff assault were confiscated and given to the investigating security supervisor who was conducting the investigation, Lt. Lesatz.

(Defs.' Resp. at 2.) Defendants assert that although defendant Perttu admitted that letters which plaintiff sent to the library for copying were confiscated and sent to Lt. Lesatz, he did not admit to confiscating eleven "sworn statements." Id. In any event, even if there were sworn statements to send to plaintiff, there is no request for production of documents here.

Plaintiff's interrogatory request and defendants' response are as follows:

> **INTERROGATORY NO. 8:** Defendants, please identify and describe all eight (8) letters from Plaintiff to inmates and one (1) to Matthew Frank use a physical evidence in GBCI conduct report #1647476 [sic].
>
> **RESPONSE:** These letters are described in Conduct Report No. 1647476 that was issued to plaintiff. Upon application to the institution custodian, the plaintiff may obtain access to his social services file.

Id. at 2-3. Apparently, plaintiff requested access to his social services file and the letters were not there. Defendants assert that they will attempt to obtain copies of the letters as quickly as practicable so that plaintiff may examine them.

Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]"

with the opposing party and "attempt[] to resolve their differences."[1]  Civil L.R. 37.1 (E.D. Wis.).  If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a).  Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it."  Id.

Although plaintiff made an initial request upon the defendants, it does not appear that he has engaged in the required personal consultation.  Accordingly, court action would be premature.  In addition, defendants have responded to his requests and, although initially plaintiff did not receive his requests, it appears that defendants are in the process of obtaining the requested materials.  Finally, this order sets forth deadlines for the completion of discovery and for filing dispositive motions.  Thus,  plaintiff will have future opportunities for discovery requests and/or to consult with defendants.

Therefore,

**IT IS ORDERED** that plaintiff's motion to compel discovery is **DENIED**.

**IT IS FURTHER ORDERED** that:

1. **Discovery.**  All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **February 4, 2008**.

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

---

[1] Since plaintiff is incarcerated, the "personal consultation" need not be "in person".  Rather, plaintiff may send a letter to counsel for defendants.

2.  **Dispositive Motions.**  Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **March 7, 2008**, and in accordance with Civil Local Rule 7.1.  Copies of Rule 56 and Civil Local Rule 7.1 (E.D. Wis.) are included with this order.

    If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

    Plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial."  Fed. R. Civ. P. 56(e).

3.  **Compliance with Court Rules and Orders.**  Plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4.  **Service.**  Under Fed. R. Civ. P. 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

    Dated at Milwaukee, Wisconsin, this 1 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge

4

Case 2:06-cv-00913-LA   Filed 11/01/07   Page 4 of 4   Document 42